972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth D. PARKER, Petitioner-Appellant,
v.
Phil ASHER, Respondent-Appellee.
 No. 91-16070.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 24, 1992.*
Decided Aug. 26, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case arose out of defendant Phil Asher's pointing of a taser gun at Kenneth Parker. Asher was a correctional officer and Parker an inmate at Nevada State Prison. The jury found that Asher violated Parker's constitutional rights but awarded only $1 in damages. Parker appeals the damage award, and we affirm.
 
 
 3
 In his informal brief,[1] Parker presents the following issues on appeal, which we paraphrase:
 
 
 4
 1. The district court should have considered or granted an additur to the damages award;
 
 
 5
 2) Nominal damages supplied a foundation for the award of punitive damages;
 
 
 6
 3) That plaintiff was not required to provide medical or psychiatric testimony in order for the jury to determine that plaintiff had suffered embarrassment or anguish;
 
 
 7
 4) That the jury wasn't instructed to consider Parker's mental worry, grief, distress, fright, nervousness, anxiety, shock, humiliation, etc. in assessing the award of compensatory damages;
 
 
 8
 5) That a retrial is required on the issue of damages.
 
 
 9
 We will respond to these issues in order.
 
 
 10
 I. "Federal practice does not permit the use of additur in cases where the amount of damages is disputed." DePinto v. Provident Security Life Ins. Co., 323 F.2d 826, 837 (9th Cir.1963), cert. denied, 376 U.S. 950 (1964). Accord Dimick v. Schiedt, 293 U.S. 474, 482 (1935). In light of these cases, we deny Parker's request for additur.
 
 
 11
 II. An award of nominal damages does not compel an award for punitive damages. Insofar as Parker suggests otherwise, we reject his argument. Moreover, we find no error in the jury instructions regarding nominal and punitive damages.
 
 
 12
 III. We find no statements or instructions by the court or statements by the defendant that might have led the jury to believe that Parker was required to provide medical or psychiatric testimony. For this reason, we reject this challenge.
 
 
 13
 IV. The district court instructed the jury that emotional distress included "mental distress, mental suffering or mental anguish. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry." We conclude that the claim for emotional distress was sufficiently described and submitted to the jury.
 
 
 14
 V. We find no other error that would support the granting of a new trial on damages. We therefore reject Parker's request.
 
 
 15
 For the foregoing reasons, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We reject any suggestion that Parker has failed adequately to set forth issues raised in his informal brief. The brief was submitted on a form supplied by this court to enable uncounseled appellants to state their appellate questions and arguments in simplified form. Parker has followed that suggested practice